The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 23-143 JNW |
| Plaintiff, | PROTECTIVE ORDER |
| v. | |
| CHRISTIAN J. HEBERT, | |
| Defendant. | |

This matter comes before the Court on the United States' Motion for a Protective Order regarding discovery materials, as permitted by Fed. R. Crim. P. 16(d).  Having considered the record and files herein, the Court finds there is good cause to grant the motion, and hence:

IT IS HEREBY ORDERED that the discovery materials discussed in the Motion for a Protective Order and referred to therein as "Protected Material," marked specially as "Protected Material," may be produced to counsel for the defendant in this case.  The "Protected Material" includes PowerPoint training materials generated by Federal Protective Service (FPS) counsel.

IT IS FURTHER ORDERED that possession of Protected Material is limited to the attorneys of record in this case and their staff, and to any investigators, expert witnesses, and

other agents the attorneys of record retained in connection with this case.  The attorneys of record, and their investigators, expert witnesses, and other agents can review Protected Material with the defendant.  The defendant can inspect and review Protected Material, but shall not be allowed to possess, photograph, or record Protected Material or otherwise retain Protected Material or copies thereof.

IT IS FURTHER ORDERED that defense counsel shall not provide Protected Material or copies thereof to any other person outside his or her law office, including the defendant or their family or associates, except as outlined in this order. Upon agreement of counsel for the government, members of a defense team may provide copies of specific Protected Material, or redacted versions of such material, to the defendant.  When seeking the government's agreement to give such a copy to a defendant, members of the defense team will identify with reasonable particularity, including (where available) the specific Bates-numbered pages and or recording descriptions, the specific material defense counsel proposes to give to the defendant.  Unless expressly stated otherwise by the government, copies of Protected Material to be provided to the defendant will continue to be Protected Material subject to all of the protections of the Court's Order, with the sole exception that a copy can be given only to the defendant (and not shared with anyone else outside the defense team).  If counsel for the government and counsel for the defendant cannot reach agreement on whether particular portions of the Protected Material or redacted versions of Protected Material should be given to a defendant under these conditions, defense counsel may raise the issue with the Court by way of a motion.

Defense counsel may provide a copy of the Protected Material to the Federal Detention Center (FDC) to facilitate the defendant's review of the Protected Material.  The defendant residing at the FDC is permitted to review the Protected Material, consistent with the regulations established by the Bureau of Prisons, with or without counsel in a controlled environment at the FDC, but is prohibited from printing out, copying, or disseminating the discovery. If the defendant is later on pretrial release, he is permitted to review the Protected

Protective Order - 2
*United States. v. Christian Hebert,* CR23-143 JWN

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Material at the offices of their counsel, but is prohibited from printing out, copying, or

2  disseminating the discovery.

3      IT IS HEREBY FURTHER ORDERED that the defendant, defense counsel, and

4  others to whom disclosure of the content of the Protected Material may be necessary to assist

5  with the preparation of the defense, shall not disclose the Protected Material or its contents,

6  other than as necessary for the preparation of defenses at trial and in subsequent appellate

7  proceedings. Specifically, the attorneys of record and members of the defense team

8  acknowledge that providing copies of the Protected Material to the defendant and other

9  persons is prohibited and agree not to duplicate or provide copies of the Protected Material to

10 the defendants and other persons other than as outlined in this order. This order does not

11 limit employees of the United States Attorney's Office for the Western District of

12 Washington from disclosing the Protected Material to members of the United States

13 Attorney's Office, federal law enforcement agencies, the Court, or witnesses in order to

14 pursue other investigations or the prosecution in this case.  Nor does it limit employees of the

15 United States Attorney's Office for the Western District of Washington from disclosing the

16 Protected Material to the defense as necessary to comply with the government's discovery

17 obligations.

18      Nothing in this Protective Order prohibits defense counsel from showing the

19 Protected Material, or reviewing its contents, with the defendant or with others to whom

20 disclosure may be necessary to assist with the preparation of the defense at trial and in

21 subsequent appellate proceedings.

22      IT IS FURTHER ORDERED that if counsel for any party finds it necessary to file

23 any documents marked as Protected Material, the material shall be filed under seal with the

24 Court. This provision does not entitle either party to seal their filings as a matter of course.

25 The parties are required to comply in all respects with the relevant local and federal rules of

26 criminal procedure pertaining to the sealing of court documents.

27      Nothing in this Order shall prevent any party from seeking modification of this

Protective Order or from objecting to discovery that it believes to be otherwise improper.

Protective Order - 3
*United States. v. Christian Hebert,* CR23-143 JWN

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

The parties agree that in the event that compliance with this Order makes it difficult for defense counsel to adhere to their Sixth Amendment obligations, or otherwise imposes an unworkable burden on counsel, defense counsel shall bring any concerns about the terms of the Order to the attention of the government.  The parties shall then meet and confer with the intention of finding a mutually acceptable solution.  In the event that the parties cannot reach such a solution, defense counsel shall have the right to bring any concerns about the scope or terms of the Order to the attention of the Court by way of a motion.

Nothing in this Order should be construed as imposing any discovery obligations on the government that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure.  The failure to designate any materials as provided in paragraph 2, above, shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

IT IS FURTHER ORDERED that at the conclusion of the case, the Protected Material shall be returned to the United States, or destroyed, or otherwise stored in a manner to ensure that it is not subsequently duplicated or disseminated in violation of this Protective Order.

The Clerk of the Court is directed to provide a filed copy of this Protective Order to all counsel of record.

DATED this 12th day of January 2024.

Jamal N. Whitehead
United States District Judge

Presented by:

_s/ Sanaa Nagi_
SANAA NAGI
Assistant United States Attorney

Protective Order - 4
*United States. v. Christian Hebert,* CR23-143 JWN

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970